IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Ashford, | C/A No. 0:13-1113-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Angela Gordon; Kelvin Myers; Kisha Linnen; Kelvin Williams; George J. Amonitti, | |
| Defendants. | |

The plaintiff, Randolph Ashford ("Ashford"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendants Amonitti and Linnen's and motion to dismiss. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Ashford of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 24.) Ashford filed a response in opposition. (ECF No. 49.) Having reviewed the parties' submissions and the applicable law, the court finds that the motion of Defendants Amonitti and Linnen should be terminated as moot to the extent it seeks to dismiss any state law claim of negligence and denied with regard to Ashford's constitutional claims.

## BACKGROUND

Ashford's Complaint asserts claims pursuant to 42 U.S.C. § 1983 alleging excessive force, cruel and unusual punishment, and deliberate indifference to medical needs. The Complaint alleges

that Defendants Gordon and Myers assaulted Ashford on May 11, 2011, and that Defendants Williams, Linnen, and Amonitti thereafter denied medical treatment.

## DISCUSSION

### A.    Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendants Amonitti and Linnen's Motion**

The defendants have moved to dismiss Ashford's medical allegations against Defendants Amonitti and Linnen on the ground that Ashford has failed to comply with South Carolina statutes essentially requiring a plaintiff who is asserting a claim of medical malpractice to file medical expert witness affidavits with the summons and complaint. (<u>See generally</u> Def.'s Mem. Supp. Mot. Dismiss at 2-6, ECF No. 20-2 at 2-6.)  The court observes that in its order authorizing service of process following initial review of the Complaint, the court did not construe Ashford's pleading to assert a state law negligence claim.  (<u>See</u> Order filed May 24, 2013 at 1-2, ECF No. 11 at 1-2.)   Ashford subsequently lent further support to the court's construction of the Complaint in this regard when he stated in his opposition memorandum that the "Defendant[s] misinterpret plaintiff['s] claims [] to be a medical malpractice claim" (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 2, ECF No. 49 at 2), and devoted his memorandum to the constitutional standard for deliberate indifference to a serious medical need.  Thus, because no state law medical malpractice claim is asserted, the defendant's motion to dismiss it is moot.

Although the defendants also argue in passing that allegations of negligence are insufficient to state a constitutional claim, the court finds that Ashford has presented sufficient factual allegations to state a plausible Eighth Amendment claim for excessive force, cruel and unusual punishment, and



deliberate indifference to medical needs. Accordingly, to the extent the defendants seeks to dismiss Ashford's § 1983 medical claim under Rule 12(b)(6) for failure to state a claim, the motion should be denied.

### RECOMMENDATION

Accordingly, the court recommends that the defendants' motion to dismiss be terminated in part as moot and denied to the extent the motion seeks dismissal under Rule 12(b)(6) of Ashford's § 1983 claims.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).