UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Ashford,                    ) | C/A No.  0:13-1113-JFA-PJG |
|                                      ) | |
|              Plaintiff,              ) | |
|                                      ) | |
| vs.                                  ) | ORDER |
|                                      ) | |
| Angela Gordon; Kelvin Myers; Kisha Linnen; ) | |
| Kelvin Williams; George J. Amonitti,  ) | |
|                                      ) | |
|              Defendants.             ) | |
| _____ ) | |

The *pro se* plaintiff, Randolph Ashford, brings this pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights  The plaintiff is incarcerated with the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and suggests that the motion to dismiss of defendants Amonitti and Linnen is moot and should be denied.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on August 23, 2013.  However, neither

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

1

party filed objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The defendants have moved to dismiss the plaintiff's medical allegations against defendants Amonitti and Linnen on the ground that plaintiff failed to comply with the South Carolina statutes requiring a plaintiff who is asserting a claim of medical malpractice to file medical expert witness affidavits with the summons and complaint. However, the Magistrate Judge did not construe the plaintiff's pleading to assert a state law negligence claim and the plaintiff confirmed that he did not intend for his claim to be asserted as one for medical malpractice. As such, the defendant's motion to dismiss is moot.

The Magistrate Judge also opines that the plaintiff has presented sufficient factual allegations to state a plausible Eighth Amendment claim for excessive force, cruel and unusual punishment, and deliberate indifference to his medical needs such that the action should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, the defendant's motion to dismiss (ECF No. 20) is moot with regard to its interpretation that the plaintiff has brought a state law medical malpractice claim. Additionally, the motion is denied to the extent it seeks dismissal under Rule 12(b)(6).

This matter shall be returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

September 23, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge