IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randolph Ashford, | ) | C/A No. 0:13-1113-JFA-PJG |
|                       Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| Angela Gordon, Kelvin Myers, Kisha Linnen, Kelvin Williams, George J. Amonitti, | ) ) ) | |
|                       Defendants. | ) ) | |

Plaintiff Randolph Ashford, a self-represented prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on motions filed by the plaintiff for a physical and mental examination, to appoint an expert witness, to compel, for appointment of counsel, to stay, for subpoenas, and for an extension of time. (ECF Nos. 31, 35, 36, 47, 48, 59, 60, & 63.) The defendants filed responses in opposition. (ECF Nos. 41, 44, 55, & 66.)

**A.    Motion for a Physical and Mental Examination**

Ashford moves for an examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure in order to demonstrate that he was injured as a result of the defendants' actions on or about May 11, 2011. The defendants correctly argue that Rule 35 does not appear to contemplate the plaintiff seeking an examination of himself. Further, Ashford cannot demonstrate good cause for the evaluation. See Fed. R. Civ. P. 35; Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).

Moreover, Ashford does not identify the source of any funds to pay for this evaluation. To the extent he requests that it be performed at public expense, such a request must be denied. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir.1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). For all of the foregoing reasons, this motion is denied. (ECF No. 31.)

**B.    Motion to Appoint an Expert Witness**

Ashford also filed a motion seeking a court-appointed expert witness pursuant to Rule 706(a) of the Federal Rules of Evidence. (ECF No. 35.) In his motion, he asserts that he is indigent, that he is unable to retain an expert due to his incarceration, and that his claims are medically complex.

Ashford's request must be denied. (See Defs' Resp. in Opp'n, ECF No. 44) (discussing the inapplicability of Fed. R. Evid. 706(a) with regard to Ashford's request). Additionally, as stated above, "[T]here is no provision in [28 U.S.C. § 1915] for the payment by the government of . . . any other litigation expenses." Tabron, 6 F.3d at 159. Accordingly, Ashford's motion for appointment of an expert witness is denied. (ECF No. 35.)

C.  **Motions to Compel**

Ashford has filed two motions to compel in which he seeks for the South Carolina Department of Corrections to provide him with law library access (ECF No. 36), and for the defendants to provide answers to his interrogatory requests (ECF No. 63).

In his first motion, Ashford appears to seek an order from the court against the South Carolina Department of Corrections, where he is currently housed; however, this entity is not a party to this action. See Fed. R. Civ. P. 65(a). Because the relief sought by Ashford cannot properly be obtained from the defendants in this matter, Ashford's motion (ECF No. 36) is denied.

In response to Ashford's second motion to compel, the defendants respond that Ashford's motion is premature and attach certificates of service showing that their response to Ashford's discovery requests were timely filed. (ECF No. 66.) Ashford's motion to compel (ECF No. 63.) is therefore denied without prejudice at this time.

D.  **Other Motions**

Ashford's motion for appointment of counsel is denied for the reasons stated in the court's prior order. (See ECF No. 11.) To the extent that Ashford now requests appointment of counsel based on his assertion that he "has a history of mental health issues," the court observes that upon review of the file, Ashford's filings thus far demonstrate a capacity to present his claims. Further, Ashford has presented no evidence supporting a finding that any mental health issues would interfere with his ability to prosecute his claims. Accordingly, Ashford has shown no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel or that he would be denied due process if an attorney were not appointed. Id. Therefore, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.



Ashford also filed a motion in which he seeks "two subpoena[s]." (ECF No. 60.) Ashford's motion is denied without prejudice as he has failed to specify in his request the purpose of the subpoenas and how they relate to his case in accordance with the practice of this district.

Ashford also seeks an extension of the scheduling order for the deadline to complete discovery. However, the grounds for the motion appear to relate to Ashford's responses to the defendants' discovery requests and his own pending motions to compel regarding outstanding discovery requests. It does not appear that additional discovery needs to be conducted. Moreover, the pending motions have not been fully briefed and are not yet ready for ruling. Ashford's motion to extend the discovery deadline is therefore denied. (ECF No. 59.) If the court's rulings on the pending motions warrant an extension of the discovery period, the court will issue an order accordingly. To the extent Ashford seeks an extension of time to respond to the defendants' discovery requests, he is hereby granted thirty additional days from the date of this Order to serve those responses on the defendants.

It is therefore

**ORDERED** that Ashford's motions (ECF Nos. 31, 35, 36, 47, 60, & 63) are denied for the reasons stated above, and that Ashford's motion for an extension of time is granted in part and denied in part (ECF No. 59). In light of this order, Ashford's motion to stay his case pending ruling on his outstanding motions (ECF No. 48) is denied as moot.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 2, 2013
Columbia, South Carolina