IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randolph Ashford, | ) | C/A No.: 0:13-1113-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Angela Gordon; Kelvin Myers; Kisha Linnen; Kelvin Williams; George J. Amonitti, all in their individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Randolph Ashford, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 claiming that while confined at Lieber Correctional Institution, he was a victim of excessive force at the hands of defendants Gordon and Myers. He contends that essentially Gordon and Myers assaulted him on May 11, 2011. In his second claim, plaintiff contends that Williams, Linnen and Amonitti thereafter denied or delayed him medical treatment for his injuries. The plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that this court should grant the defendants'

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

motion for summary judgment.² The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on June 26, 2014. The plaintiff filed timely objections to which the defendants replied.

The plaintiff alleges that on May 11, 2011, he requested prison forms from defendant Gordon who instructed him to wait. Ashford made a second request when Gordon allegedly yelled and cursed at him and told him to go back to his room. Ashford then left and went to the recreation field, where he then encountered Gordon for a third time. Gordon then called for defendant Meyers, who was also in the recreation yard, to escort Ashford to his cell.

When the three arrived at Ashford's cell, Ashford, who was unrestarined at the time, contends that as he opened the unlocked cell door and while his back was turned to the officers, Gordon screamed that Ashford was trying to hit her in the back with the cell door. Myers responded by hitting Ashford and pushing him face first into the bed in the cell. Ashford alleges that he cut his lip on the iron bed frame. Ashford alleges that Myers continued to beat him and that eventually, Gordon came into the room, gave Meyers her cannister of chemical munitions, and directed Meyers to spray Ashford. After the chemical munitions were dispersed, Ashford was locked in his cell and the chemical munitions cannister was left in the cell with Ashford.

---

² An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

2

Ashford thereupon requested medical care. He was placed in a holding cell and then taken to the infirmary. He was seen by defendant Nurse Linnen, and examined by defendant Dr. Amonitti. Defendant Williams was apparently in the room at the time and allegedly instructed Nurse Linnen not to give Ashford anything for his injuries because Ashford had not told him the location of the mising cannister.

On this record, the Magistrate Judge recommends that summary judgment should be granted to the defendants on all claims. The plaintiff has taken exception to the entirety of the Report and Recommendation including the section entitled "Background." Defendants have responded to the plaintiff's objections and the matter is now ripe for this court's review.

Plaintiff's objection memorandum can be construed to properly challenge the legal underpinnings of the Magistrate Judge's Report in all respects. In essence, therefore, this court is now required to conduct a complete *de novo* review of the claims and defenses raised in this case.

As an initial proposition, the Magistrate Judge observes that Ashford has failed to exhaust his administrative remedies with regard to his claims as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). This section provides that [n]o action shall be brought with respect to the prison conditions under § 1983 of this title or any other federal law, by a prisoner confined in any. . . prison. . . until such adminsitrative remedies as are available are exhausted." To satisfy this requirement, a plaintiff must avail himself of every level of available administrative reivew. *Id*.

On the record before her, the Magistrate Judge concluded that while Ashford filed

3

Step 1 and Step 2 grievances with regard to his claims, he failed to appeal any adverse decision to the South Carolina Administrative Law Court.  In response.  Ashford points out that he did, in fact, appeal to the AL court, but as the Magistrate Judge suggests, however, these appeals did not contain allegations against the defendants named in this action.

In response to the Magistrate Judge's suggestion that this court should dismiss the case for failure to exhaust, Ashford responds by citing cases that have held that exhaustion is not required when an inmate is prevented from accessing the administrative remedy process in some way by prison officials.  In this case, however, there has been no allegation, let along a "showing" that the prison officials placed any hurdles before Ashford in terms of appealing the adverse administrative rulings.

Going further, the Magistrate Judge suggests that even if the plaintiff had exhausted his administrative remedies, the defendants are nevertheless entitled to judgment as a matter of law pursuant to rule 56 of the Federal Rules of Civil Procedure.  The Magistrate Judge sets out the well settled law regarding an excessive for claim under the Eighth Amendment, which involves an inquiry into "whether the force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm.  *Wilkins v. Gaddy*, 599 U.S. 34 (2010).   Moreover, courts must give "wide-ranging deference" to the execution of policies and practices that in the judgment of the prison officials are necessary to "preserve internal order and discipline and to maintain institutional security.  *Id*.

Drawing on cases more particularly applicable to the claims asserted here, the Magistrate Judge observes that the Fourth Circuit Court of Appeals has addressed the use of

4

chemical munitions in a prison setting and held that as long as the quantity of mace used is commensurate with the gravity of the occasion, the use of chemical munitions does not violate the constitution. *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996).

The Magistrate Judge is of the opinion that the facts of this case point to a conclusion that the excessive force claim must fail as a matter of law. When analyzing the subject element of excessive force claims, courts must determine if the defendant showed "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). To begin with, it is undisputed that Ashford repeatedly failed to obey directives from Gordon and Meyers; that Ashford attempted to swing his cell door into defendant Gordon; and that Meyers then used force to get Ashford into the cell. After Ashford continued to be uncooperative and was thrashing about attempting to strike Myers with his fist, Myers ultimately determined that the use of chemical munitions was appropriate. Approximately 15 grams of munitions were used on this particular occasion.

In response to Ashford's contention that they security equipment issuance log seems to indicate that a substantial amount of checmical was used on the plaintiff, the Magistrate Judge observes that Ashford admits that he was in sole control of the cannister for a period of time prior to its recovery.

Applying *Whitley* to the facts viewed in the light most favorable to Ashford, the Magistrate Judge concludes that the amount of force used in this case was not constitutionally excessive. Even viewing the facts that are disputed in the light most favorable to Ashford, no reasonable jury could find that Gorgon and Myers' perception of

5

Ashford's behavior was unreasonable. Ashford was unrestrained at the time of the incident; Meyers heard Gordon yell that Ashford was trying to hit her with a cell door, and Ashford raised his arm purportedly to block blows from Myers.

Although the decision is a close one, this court is constrained to agree with the Magistrate Judge . This case is unlike several other cases that have arisen on this court's docket wherein a SWAT team has entered a plaintiff's cell, completely overpowering the plaintiff and then continued to use chemical munitions in a malicious or sadistic attempt to injure the prisoner. Here, plaintiff was not restrained; he repeatedly disobeyed orders, and had swung the door of his cell into one of the defendant correctional officers. On this record, the court cannot conclude that the amount of force used was constitutionally unreasonable. The plaintiff's objections to this portion of the Report and Recommendation are, therefore, overruled.

With regard to the second clam asserted—the alleged deliberate indifference to plaintiff's serious medical needs—the Magistrate Judge observes that all medical records show that Ashford was seen by medical personnel following the incident where he was observed to have no active bleeding." During a follow-up appointment on May 27, 2011, the nurse looked for and was unable to see a knot that Ashford complained on the back of his head. Moreover, the nurse noted that Ashford's neck was supple with no signs of trauma." It is undisputed that Ashford was given pain medication and x-rays were taken which revealed that his cervical spine was normal.

It is well established that the standard for deliberate indifference under §1983 requires an inmate to establish that a sufficiently serious deprivation occurred and that a prison official had a sufficiently culpable state of mind. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Moreover, mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In addition, "a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation. *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

It is clear from Ashford's medical records that he was seen following the incident in question. He was in no acute distress and there was no active bleeding observed. He appeared to be uncooperative when asked to take a deep breath so that medical personnel could assess his breathing capacity. He was offered a chest x-ray but did not return to the infirmary request a chest x-ray. The nurse who examined the plaintiff was unable to see or feel the knot the plaintiff complained about on the back of his head. He was given pain medication. A later x-ray revealed that his cervical spine was normal.

On this record the Magistrate Judge concludes that the record unequivocally shows that Ashford was repeatedly seen and treatment by the medical staff for his complaints.

In his objection memorandum, plaintiff contends that he has "real and serious damages." He contends that he has "lost eyesight and faint calcification of the medial left apex [lungs], also kidney infection." Curiously, in the very next paragraph, plaintiff cites *Wilkins v. Gaddy* for the proposition that "an inmate who has been gratuitously been beaten

by prison guards does not lose his ability to pursue an excessive force claim merely because he had he good fortune to escape without serious injury." From this court's review of the complete record in this case, it appears that the Magistrate Judge is correct that any injuries that plaintiff sustained were superficial.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference. Plaintiff's objections are overruled.

Accordingly, the defendants' motions for summary judgment (ECF Nos. 113, 116) are granted. All remaining motions by the plaintiff are denied (ECF Nos. 70, 72, 89, 92, 95, 96, 98, 146, 150, and 151).

IT IS SO ORDERED.

September 8, 2014                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge